## Commonwealth v. Haldeman

*J. L. Hamaker,* assistant district attorney, for Commonwealth.

*M. M. Cohen,* for defendant.

SHEAFFER, P. J., and WISSLER, J., February 6, 1942. —In this case complaint was made before a justice of the peace against defendant for violation of subsection (b) 5, of section 1002, of The Vehicle Code of May 1, 1929, P. L. 905, as amended, and the usual notice was forwarded by the justice of the peace to defendant by registered mail. Defendant voluntarily appeared, in pursuance of this notice, on May 26, 1941, and requested a hearing, which was fixed by the justice of the peace on May 27, 1941, at 7 p.m. Defendant appeared, but the prosecutor did not, owing to a misunderstanding between the prosecutor and the justice of the peace, and no hearing was had on May 27, 1941. According to the return of the justice of the peace of

the case to the court of quarter sessions, he subsequently contacted defendant by letter, requesting defendant to advise him of a date for a hearing that would be convenient to him, but received no reply. Later, on July 19, 1941, a warrant was issued against defendant, which warrant was duly served and a date fixed for a hearing on September 27, 1941, at which time defendant appeared and waived a hearing, giving bail for court.

Hearings were had in court on October 10, 1941, and on October 17, 1941, and at the close of the testimony defendant moved to quash the proceedings on the ground that "the proceedings are invalid as defendant was present on May 27, 1941, the date fixed for the hearing before the justice of the peace, and the prosecutor was absent on that date, hence any subsequent proceedings based on the same complaint contravene the constitutional and statutory rights of M. Luther Haldeman, defendant."

The sole question raised by defendant's motion to quash the proceedings is whether or not the prosecutor's absence on May 27, 1941, the time fixed for the hearing, was fatal to the proceedings before the justice of the peace. Defendant, in waiving a summary hearing and giving bond to appear in court, does not waive his right to raise the question now at issue: Commonwealth v. Killian, 44 Lanc. L. Rev. 523 (1934).

However, in the instant case, the whole record, as returned by the justice of the peace, together with the testimony produced at the hearings before this court, shows that all the mandatory provisions of The Vehicle Code, under which the complaint was lodged, were complied with, and the only question remaining is whether the magistrate had authority, after he had fixed a time for a hearing and the prosecutor did not appear, owing to a misunderstanding as to the time set for the hearing, to fix another date for a hearing.

The return of the justice of the peace to the court of quarter sessions states as his reason why no further date was fixed for a hearing prior to the issuing of a warrant for defendant that he (the defendant) "did not reply."

There is a presumption in favor of the regularity of proceedings before a magistrate for violation of The Vehicle Code: Commonwealth v. Paliescheskey, 17 D. & C. 125 (1931) ; Commonwealth v. Carl, 43 Lanc. L. Rev. 391 (1933). The presumption raised by the return of the justice of the peace, that he made an effort to fix a date for a hearing agreeable to defendant before issuing the warrant for his arrest, was not overcome at the hearing on the merits of the case by any affirmative or negative testimony of defendant.

Since the only question as to the procedure in this case was the inability of both parties to agree on a time for a hearing, when defendant later, upon the issuing of a warrant, waived a hearing and gave bond for a hearing in court, and a hearing was later had, it cannot be said that the rights of defendant were infringed upon, or that the subsequent proceedings, based on the same complaint, contravene his constitutional and statutory rights.

At the hearing in court the only evidence presented was that of the police officer for the prosecution and of defendant himself. The testimony of the police officer was based on a test, he having timed defendant's automobile with a speedometer, whereas the testimony of defendant was a mere denial, without positive proof to the contrary. This court, under such circumstances, in Commonwealth v. Zook, 46 Lanc. L. Rev. 18 (1937), adjudged defendant guilty.

And now, February 6, 1942, the motion to quash this proceeding is overruled, and defendant is found guilty of violation of subsection (b) 5, sec. 1002, art. X, of The Vehicle Code of May 1, 1929, P. L. 905, and is ordered to appear in court for sentence.